**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

**CHELSEA L. DAVIS**

v.

**SOUTHERN METHODIST UNIVERSITY;
SMU DEDMAN SCHOOL OF LAW;
JOHN ATTANASIO;
DAVID C. GODBEY**

**NO.** 3:15-CV-531
_____

---

**FEDERAL SEX TRAFFICKING COMPLAINT**

Neither the doctrine of res judicata nor any law, rule or alleged order should bar me, Chelsea L. Davis (hereinafter referred to as "Chelsea Davis") from filing this FEDERAL SEX TRAFFICKING COMPLAINT as a victim of human trafficking and from litigating the asserted claims and causes of action against Southern Methodist University (hereinafter referred to as "SMU"), SMU Dedman School of Law, John Attanasio and David C. Godbey. This instrument seeks to first file the claim of Federal Human Trafficking for Sex against Southern Methodist University, SMU Dedman School of Law, John Attanasio and David C. Godbey. I object to consolidation and present additional objections and defenses and incorporate by reference herein my objections and defenses subsequently attached hereto and included herein. I plead Eleventh Amendment immunity of the State Bar of Texas for the limited purpose of preventing the State Bar of Texas from transferring this matter to itself.

I, Plaintiff Chelsea L. Davis, file this Complaint against Defendants Southern Methodist

**FEDERAL SEX TRAFFICKING COMPLAINT**                    1

University, SMU Dedman School of Law, John Attanasio and David C. Godbey, each of whom reside in or maintain a principal office in Dallas County, Texas.

## JURISDICTION AND VENUE

I introduce facts in this section entitled "Jurisdiction and Venue" for the limited purpose of establishing jurisdiction in the event that this Court rejects application of the abstention doctrine in *Chelsea L. Davis v. McKool Smith P.C. et al,* No. 3:14-cv-4190-B (N.D. Tex. filed Nov. 24, 2014). No court appears to have continuing, exclusive jurisdiction except that the Federal courts may have exclusive jurisdiction under 28 U.S.C. 1251 because Harlan R. Crow, Honorary Consul to Denmark, is a party witness. I do not waive any arguments or objections as to jurisdiction and venue, even on any civil cover sheet. The amount in controversy exceeds $75,000.

I plead waiver of Eleventh Amendment to the United States Constitution sovereign immunity as to the Supreme Court of Texas acting on behalf of the State Bar of Texas (for which I challenge Constitutionality based on federalism and separation of powers doctrines) and the State Bar of Texas, which is defined as a corporation that can sue and be sued. "The state bar may sue and be sued in its own name." Tex. Gov't. Code Sec.. 81.014. "Chief disciplinary counsel" means the attorney selected under Section 81.076 who performs disciplinary functions for the state bar under the Texas Disciplinary Rules of Professional Conduct and the Texas Rules of Disciplinary Procedure. That person is Linda Acevedo, who had not yet sent me a single communication.

This instrument includes claims which raise a federal question pursuant to federal anti-human trafficking laws for sex trafficking at 18 U.S.C. §§ 1581-94 which affects interstate

commerce.

It would be unwise in a case of this nature to accord res judicata or other effect to any paper that may look like a state court judgment, especially where the state court's restrictions on discovery cast into significant doubt the reliability of any state court's factual determinations. *Key v. Wise*, 629 F.2d 1049, 1066 (5th Cir. Miss. 1980).  The doctrine of res judicata, "as a rule of public policy, must be watched in its application lest a blind adherence to it tend to defeat the even firmer established policy of giving every litigant a full and fair day in court," which I have not yet had. *Lyons v. Westinghouse Electric Corp.*, 222 F.2d 184, 189 (2nd Cir. N.Y. 1955).

Southern Methodist University and SMU Dedman School of Law receives enormous amounts of money from patent litigation revenues from McKool Smith P.C.'s patent litigation made possible, in part, due to financing by federal grant money, and through donations from Leslie D. Ware through donations (of at least $1,000,000 since 2010).

## STATEMENT OF FACTS

Leslie Ware is a sexual predator who abused his position as trustee on the Board of Trustees for SMU Dedman School of Law to hunt for women as his prey using their personal and confidential applications to law school, which includes their social security number, pictures, and personal statement, which is often a highly personal essay, and, in my case, revealed that I have serious daddy issues. My personal statement stated that I lived with my dad in high school, idolized him and went to law school instead of medical school to save my dad's heart. I invented a heart monitor in engineering school at Duke University to detect sudden death in advance for patients with Mitral Valve Prolapse with severe regurgitation, which would literally save my dad's life. I became frustrated with the patent system and FDA and decided to go to law school

to become a patent attorney.

John Attanasio was the dean on or about 2010 or earlier who knew that Leslie Ware was a sexual predator and a "John" who paid for sex from numerous women, including law school students. I have text messages which support the fact that Leslie Ware pays to have sex with SMU law school students. Leslie Ware likely obtained law school applications from John Attanasio and/or through his Emergency Student Loan program which SMU provides to its students. Leslie Ware provide small emergency student loans to SMU law school students of $1000, more or less. Leslie Ware uses his loans to find women who need cash, loans them money, and then coerces them to have sex with him to earn the money to pay him back.

John Attanasio was recently arrested for prostitution in February 2015 in an undercover sting, which supports that he also used law school applications to search for sexual prey and either learned to be a prostitute from Leslie Ware or at least they traded notes. At least John Attanasio's knowledge and actions and likely Leslie Ware's actions may be imputed to that of SMU itself and SMU Dedman School of Law. I know that Leslie Ware obtained my application because he used to quote from it. He also told me that he obtains engineering student's scholastic information from a friend on the board of the engineering school at SMU. David C. Godbey serves on the board of SMU's engineering school and is Leslie Ware's friend who provides him with undergraduate information from students. Leslie Ware likely asked David Godbey if I applied to SMU.

SMU, SMU Dedman School of Law and John Attanasio benefitted financially by participating in a venture involving trafficking of Chelsea Davis. David C. Godbey benefitted and benefits financially by participating in a venture involving trafficking of Chelsea Davis, for

**FEDERAL SEX TRAFFICKING COMPLAINT**                    4

example, by causing me to continue to work without pay by forced labor through continued threatened abuse of law or legal process. David C. Godbey may thus be held liable for his participation for human trafficking.  SMU, SMU Dedman School of Law, John Attanasio and David C. Godbey receive funds at least from SMU, which may include funds donated by Leslie Ware.

SMU, SMU Dedman School of Law, John Attanasio and David C. Godbey  invested in one or more ventures with Leslie Ware.  Each of SMU, SMU Dedman School of Law, John Attanasio and David C. Godbey participated in a venture that involves trafficking of Chelsea Davis. Each of SMU, SMU Dedman School of Law, John Attanasio and David C. Godbey invested in one or more ventures with Leslie Ware.  Leslie Ware knowingly owned, invested in, financed, controlled, supervised, or managed a prostitution enterprise that used two or more prostitutes, including Chelsea Davis and Leslie Ware, which is defined by Section 43.04 of the Texas Penal Code as Aggravated Promotion of Prostitution. Leslie Ware has paid other women to engage in sexual conduct with Leslie Ware and Harlan Crow. Leslie Ware knowingly trafficked me with the intent that I engage in forced labor or services. Each of SMU, SMU Dedman School of Law, John Attanasio and David C. Godbey intentionally or knowingly benefited from participating in a venture that involves trafficking of Chelsea Davis. SMU, SMU Dedman School of Law, John Attanasio and David C. Godbey know that Leslie Ware pays women for sex and knowing or in reckless disregard gave him students' law school applications and implemented his emergency student loan program without any question as to how the loans were paid off.

Leslie Ware threatened me that if his wife, Amy Abboud Ware, ever learned of our

sexual conduct, she would have me kidnapped and raped by several men, including a final rapist who was HIV positive. Leslie Ware kept a gun on a table in his office in plain sight for me to see while we engaged in sexual conduct in his office. Leslie Ware exhibited an AR-15 assault rifle in a large gun case beside his desk. Leslie Ware also exhibited a gun in the glove compartment of his truck.

On or about September 2010, at a time when I was Leslie Ware's sex slave, Leslie Ware told me that we were going to have a threesome with myself and a young woman named "Erin" at Hotel Crescent Court. Leslie Ware paid me and the young woman to engage in sexual conduct with him and with the young woman, who may have been an SMU law school student.

Leslie Ware threatened me with serious harm, including serious financial harm, to force me to engage in sexual conduct with him and the young woman. He also made physical threats by conspiring with the woman to harm me and by actually harming me.  Leslie Ware and the woman knew that she had the Human Papilloma Virus of the particular type that causes cancer, and they failed to warn me.

Leslie Ware threatened to kill me, to have me raped, and to take away my law license - to force me to engage in sexual conduct with him and with the woman and in forced labor and services to a federal agent of the United States Department of Alcohol, Tobacco and Firearms of whom he was financially or otherwise with in a venture.

In private, Leslie Ware paid me to engage in sexual conduct with him and with the woman.  Leslie Ware sadomasochistically sexually abused me with deep throat penetrations and anal penetrations without lubricant, and he forced me to drink his urine and eat feces.  He strangled me and suffocated me.

**FEDERAL SEX TRAFFICKING COMPLAINT**                    6

In December 2012, Leslie Ware forced me to perform labor or services for him regarding a patent application sponsored by Leslie Ware and the federal government for a federal agent without pay, which I refused to file so as not to take a thing from the federal government. Leslie Ware paid the federal agent to pay me, but I could not accept the payment for work that I was obligated not to perform. Leslie Ware, through at least a Delaware limited partnership or other out of state entity, uses and invests in over 200 different entities organized in various states and collects royalties off of patents that he holds in shell holding companies abroad, for example, in the British Virgin Islands.

## CLAIMS

### 1.    *Human Trafficking Under Federal Law - Forced Labor*

1.    Each of the foregoing and following paragraphs (except defenses) is incorporated herein by reference. SMU, SMU Dedman School of Law, John Attanasio and David C. Godbey participated in a venture which engaged in the forced labor of Chelsea Davis in violation of federal law. Chelsea Davis may bring this action against SMU, SMU Dedman School of Law and John Attanasio who failed to protect Chelsea Davis as a victim of domestic violence in accordance with her Constitutional right to protection under  under 18 U.S.C. § 1595, which states that "[a]n individual who is a victim of a violation of this chapter may bring a civil action against the perpetrator (or whoever knowingly benefits, financially or by receiving anything of value from participation in a venture which that person knew or should have known has engaged in an act in violation of this chapter) in an appropriate district court of the United States and may recover damages and reasonable attorneys fees." *Id.* Under 18 U.S.C. § 1593A, SMU, SMU Dedman School of Law, John Attanasio and David C. Godbey is liable to Chelsea Davis because

"[w]hoever knowingly benefits, financially or by receiving anything of value, from participation in a venture which has engaged in any act in violation of section 1581(a), 1592, or 1595(a), knowing or in reckless disregard of the fact that the venture has engaged in such violation" is liable. SMU, SMU Dedman School of Law, John Attanasio and David C. Godbey knowingly benefited, financially or by receiving anything of value, from participation in a venture which has engaged in any act in violation of section 1581(a), 1592, or 1595(a), knowing or in reckless disregard of the fact that the venture has engaged in such violation. SMU, SMU Dedman School of Law, John Attanasio and David C. Godbey participated in a venture which engaged in an act in violation 18 U.S.C. § 1595(a), which states that "whoever knowingly benefits, financially or by receiving anything of value from participation in a venture which that person knew or should have known has engaged in an act in violation of this chapter." *Id.* SMU, SMU Dedman School of Law, John Attanasio and David C. Godbey knew or should have known that the venture engaged in an act in violation of Chapter 77 of Title 18 of the United States Code. Chelsea Davis is a victim of one and/or more acts in violation of Chapter 77 of Title 18 of the United States Code, and the act and/or acts in violation directly and proximately caused harm to Chelsea Davis. Chelsea Davis is a victim of one and/or more acts of sex trafficking in violation of 18 U.S.C. § 1591, which states, "(a) Whoever knowingly—(1) in or affecting interstate or foreign commerce, or within the special maritime and territorial jurisdiction of the United States, recruits, entices, harbors, transports, provides, obtains, or maintains by any means a person; or (2) benefits, financially or by receiving anything of value, from participation in a venture which has engaged in an act described in violation of paragraph (1), knowing, or in reckless disregard of the fact, that means of force, threats of force, fraud, coercion described in subsection (e)(2), or

any combination of such means will be used to cause the person to engage in a commercial sex act, or that the person has not attained the age of 18 years and will be caused to engage in a commercial sex act, shall be punished as provided in subsection (b)." *Id.*  Each act directly and proximately caused harm to Chelsea Davis. As a direct and proximate result of the acts, Chelsea Davis suffered damages. Chelsea Davis seeks damages in excess of $75,000. However, proof of injury is not required for this Court to punish each of SMU, SMU Dedman School of Law, John Attanasio and David C. Godbey for his/its wrongful conduct.

Chelsea Davis seeks a judgment for monetary damages and an order of restitution for all of her losses as a proximate result of the trafficking and of the venture, plus the greater of the gross income or value to SMU, SMU Dedman School of Law, John Attanasio and David C. Godbey of the victim's services or labor or the value of the victim's labor as guaranteed under the minimum wage and overtime guarantees of the Fair Labor Standards Act (29 U.S.C. 201 et seq.) or at my hourly billable rate as an attorney, and all payments and donations from Leslie Ware and Harlan Crow since 2010 when they began trafficking me for forced labor and services using information in my application to SMU Dedman School of Law, and all monies paid directly or indirectly from Leslie Ware, Harlan Crow, SMU, and SMU Dedman School of Law to John Attanasio and David C. Godbey, exemplary damages and attorney fees.

## 2.    *Human Trafficking Under Federal Law - Sex*

2.    Each of the foregoing and following paragraphs (except defenses) is incorporated herein by reference. SMU, SMU Dedman School of Law, John Attanasio and David C. Godbey participated in a venture which engaged in the sex trafficking of Chelsea Davis in violation of federal law. Chelsea Davis may bring this action against SMU, SMU Dedman School of Law,

John Attanasio and David C. Godbey who failed to protect Chelsea Davis as a victim of domestic violence in accordance with her Constitutional right to protection and under 18 U.S.C. § 1595, which states that "[a]n individual who is a victim of a violation of this chapter may bring a civil action against the perpetrator (or whoever knowingly benefits, financially or by receiving anything of value from participation in a venture which that person knew or should have known has engaged in an act in violation of this chapter) in an appropriate district court of the United States and may recover damages and reasonable attorneys fees." *Id.* Under 18 U.S.C. § 1593A, SMU, SMU Dedman School of Law, John Attanasio and David C. Godbey is liable to Chelsea Davis because "[w]hoever knowingly benefits, financially or by receiving anything of value, from participation in a venture which has engaged in any act in violation of section 1581(a), 1592, or 1595(a), knowing or in reckless disregard of the fact that the venture has engaged in such violation" is liable. SMU, SMU Dedman School of Law, John Attanasio and David C. Godbey knowingly benefited, financially or by receiving anything of value, from participation in a venture which has engaged in any act in violation of section 1581(a), 1592, or 1595(a), knowing or in reckless disregard of the fact that the venture has engaged in such violation. SMU, SMU Dedman School of Law, John Attanasio and David C. Godbey participated in a venture which engaged in an act in violation 18 U.S.C. § 1595(a), which states that "whoever knowingly benefits, financially or by receiving anything of value from participation in a venture which that person knew or should have known has engaged in an act in violation of this chapter." *Id.* SMU, SMU Dedman School of Law, John Attanasio and David C. Godbey knew or should have known that the venture engaged in an act in violation of Chapter 77 of Title 18 of the United States Code. Chelsea Davis is a victim of one and/or more acts in violation of Chapter 77 of Title 18 of

the United States Code, and the act and/or acts in violation directly and proximately caused harm to Chelsea Davis. Chelsea Davis is a victim of one and/or more acts of sex trafficking in violation of 18 U.S.C. § 1591, which states, "(a) Whoever knowingly—(1) in or affecting interstate or foreign commerce, or within the special maritime and territorial jurisdiction of the United States, recruits, entices, harbors, transports, provides, obtains, or maintains by any means a person; or (2) benefits, financially or by receiving anything of value, from participation in a venture which has engaged in an act described in violation of paragraph (1), knowing, or in reckless disregard of the fact, that means of force, threats of force, fraud, coercion described in subsection (e)(2), or any combination of such means will be used to cause the person to engage in a commercial sex act, or that the person has not attained the age of 18 years and will be caused to engage in a commercial sex act, shall be punished as provided in subsection (b)." *Id.* Each act directly and proximately caused harm to Chelsea Davis. As a direct and proximate result of the acts, Chelsea Davis suffered damages. Chelsea Davis seeks damages in excess of $75,000. However, proof of injury is not required for this Court to punish each of named defendants for his wrongful conduct.

Chelsea Davis seeks a judgment for monetary damages and an order of restitution for all of her losses as a proximate result of the trafficking and of the venture, plus the greater of the gross income or value to SMU, SMU Dedman School of Law, John Attanasio and David C. Godbey of the victim's services or labor or the value of the victim's labor as guaranteed under the minimum wage and overtime guarantees of the Fair Labor Standards Act (29 U.S.C. 201 et seq.) or at my hourly billable rate as an attorney and all payments and donations from Leslie Ware since 2010 when they began trafficking me for sex using information in my application to

SMU Dedman School of Law, and all monies paid directly or indirectly from Leslie Ware to SMU, and SMU Dedman School of Law to John Attanasio and David C. Godbey, exemplary damages and attorney fees.

### 3-4. State Law Trafficking of Persons - Sex and Forced Labor

3-4.     I re-allege each and every one of the foregoing and following paragraphs as though set forth fully herein. SMU, SMU Dedman School of Law, John Attanasio and David C. Godbey has participated in a venture that involves trafficking of Chelsea Davis. Leslie Ware knowingly trafficked Chelsea Davis with the intent that she engage in forced labor or services. SMU, SMU Dedman School of Law, John Attanasio and David C. Godbey intentionally or knowingly benefited from participating in a venture that involves trafficking of Chelsea Davis.

SMU, SMU Dedman School of Law, John Attanasio and David C. Godbey has participated in a venture that involves human trafficking. SMU, SMU Dedman School of Law, John Attanasio and David C. Godbey knowingly received a benefit from participating in a venture that involves an activity described by Subdivision (1), including by receiving labor or services the person knows are forced labor or services. Under Texas Penal Code Section 20A.02(a)(1), "Subdivision (1)," a person commits an offense if the person knowingly traffics another person with the intent that the trafficked person engage in forced labor or services. Leslie Ware knowingly trafficked Chelsea Davis with the intent that she engage in forced labor or services. SMU, SMU Dedman School of Law, John Attanasio and David C. Godbey intentionally or knowingly benefited from participating in a venture that involves trafficking of Chelsea Davis.

SMU, SMU Dedman School of Law, John Attanasio and David C. Godbey has

participated in a venture that involves human trafficking. Leslie Ware trafficked Chelsea Davis and, through force, fraud, or coercion, caused her to engage in conduct prohibited by:  Section 43.02 (Prostitution); Section 43.03 (Promotion of Prostitution); Section 43.04 (Aggravated Promotion of Prostitution); or Section 43.05 (Compelling Prostitution). SMU, SMU Dedman School of Law, John Attanasio and David C. Godbey intentionally or knowingly benefited from participating in a venture that involves trafficking of Chelsea Davis.

SMU, SMU Dedman School of Law, John Attanasio and David C. Godbey has participated in a venture that involves human trafficking. SMU, SMU Dedman School of Law, John Attanasio and David C. Godbey knowingly received a benefit from participating in a venture that involves an activity described by Subdivision (3) or engaged in sexual conduct with a person trafficked in the manner described in Subdivision (3). Under Texas Penal Code Section 20A.02(a)(3), "Subdivision (3)," a person commits an offense if the person knowingly traffics another person and, through force, fraud, or coercion, causes the trafficked person to engage in conduct prohibited by:  Section 43.02 (Prostitution); Section 43.03 (Promotion of Prostitution); Section 43.04 (Aggravated Promotion of Prostitution); or Section 43.05 (Compelling Prostitution). Leslie Ware knowingly trafficked Chelsea Davis and, through force, fraud, or coercion, caused her to engage in conduct prohibited by:  Section 43.02 (Prostitution); Section 43.03 (Promotion of Prostitution); Section 43.04 (Aggravated Promotion of Prostitution); or Section 43.05 (Compelling Prostitution). Leslie Ware knowingly engaged in sexual conduct with Chelsea Davis, a person trafficked in the manner described in Subdivision (3). SMU, SMU Dedman School of Law, John Attanasio and David C. Godbey intentionally or knowingly benefited from participating in a venture that involves trafficking of Chelsea Davis.

FEDERAL SEX TRAFFICKING COMPLAINT                    13

SMU, SMU Dedman School of Law, John Attanasio and David C. Godbey engaged in the trafficking of Chelsea Davis. SMU, SMU Dedman School of Law, John Attanasio and David C. Godbey knowingly received a benefit from participating in a venture that involves an activity described by Subdivision (1). Under Section 20A.02(a)(1), "Subdivision (1)," a person commits an offense if the person knowingly traffics another person with the intent that the trafficked person engage in forced labor or services. Defendant SMU, SMU Dedman School of Law, John Attanasio and David C. Godbey knowingly trafficked Plaintiff Chelsea Davis with the intent that she engage in forced labor or services.

SMU, SMU Dedman School of Law, John Attanasio and David C. Godbey participated in a venture that involves trafficking of Chelsea Davis. SMU, SMU Dedman School of Law, John Attanasio and David C. Godbey invested in one or more ventures with various entities and Leslie Ware and accepted money from Leslie Ware for ventures, such as the Ware Commons. SMU, SMU Dedman School of Law, John Attanasio and David C. Godbey knowingly owned, invested in, financed, controlled, supervised, or managed a prostitution enterprise that used two or more prostitutes, including Chelsea Davis and Leslie Ware, which is defined by Section 43.04 of the Texas Penal Code as Aggravated Promotion of Prostitution. Leslie Ware paid the other woman to engage in sexual conduct with Leslie Ware and Chelsea Davis. Leslie Ware knowingly trafficked me with the intent that I engage in forced labor or services. SMU, SMU Dedman School of Law, John Attanasio and David C. Godbey intentionally or knowingly benefited from participating in a venture that involves trafficking of Chelsea Davis.

SMU, SMU Dedman School of Law, John Attanasio and David C. Godbey has participated in a venture that involves human trafficking. Leslie Ware trafficked Chelsea Davis

and, through force, fraud, or coercion, caused Chelsea Davis to engage in conduct prohibited by: Section 43.02 (Prostitution); Section 43.03 (Promotion of Prostitution); Section 43.04 (Aggravated Promotion of Prostitution); or Section 43.05 (Compelling Prostitution). SMU, SMU Dedman School of Law, John Attanasio and David C. Godbey intentionally or knowingly benefited from participating in a venture that involves trafficking of Chelsea Davis.

SMU, SMU Dedman School of Law, John Attanasio and David C. Godbey has participated in a venture that involves human trafficking. SMU, SMU Dedman School of Law, John Attanasio and David C. Godbey knowingly received a benefit from participating in a venture that involves an activity described by Subdivision (3) or engaged in sexual conduct with a person trafficked in the manner described in Subdivision (3). Under Texas Penal Code Section 20A.02(a)(3), "Subdivision (3)," a person commits an offense if the person knowingly traffics another person and, through force, fraud, or coercion, causes the trafficked person to engage in conduct prohibited by: Section 43.02 (Prostitution); Section 43.03 (Promotion of Prostitution); Section 43.04 (Aggravated Promotion of Prostitution); or Section 43.05 (Compelling Prostitution). Leslie Ware knowingly trafficked Chelsea Davis and, through force, fraud, or coercion, caused Chelsea Davis to engage in conduct prohibited by: Section 43.02 (Prostitution); Section 43.03 (Promotion of Prostitution); Section 43.04 (Aggravated Promotion of Prostitution); or Section 43.05 (Compelling Prostitution). Leslie Ware knowingly engaged in sexual conduct with Chelsea Davis, a person trafficked in the manner described in Subdivision (3). SMU, SMU Dedman School of Law, John Attanasio and David C. Godbey intentionally or knowingly benefited from participating in a venture that involves trafficking of Chelsea Davis.

SMU, SMU Dedman School of Law, John Attanasio and David C. Godbey engaged in

the trafficking of Chelsea Davis. SMU, SMU Dedman School of Law, John Attanasio and David C. Godbey knowingly received a benefit from participating in a venture that involves an activity described by Subdivision (3) or engaged in sexual conduct with a person trafficked in the manner described in Subdivision (3). Under Texas Penal Code Section 20A.02(a)(3), "Subdivision (3)," a person commits an offense if the person knowingly traffics another person and, through force, fraud, or coercion, causes the trafficked person to engage in conduct prohibited by:  Section 43.02 (Prostitution); Section 43.03 (Promotion of Prostitution); Section 43.04 (Aggravated Promotion of Prostitution); or Section 43.05 (Compelling Prostitution). Leslie Ware, SMU, SMU Dedman School of Law, John Attanasio and David C. Godbey knowingly trafficked Chelsea Davis and, through force, fraud, or coercion, caused Chelsea Davis to engage in conduct prohibited by:  Section 43.02 (Prostitution); Section 43.03 (Promotion of Prostitution); Section 43.04 (Aggravated Promotion of Prostitution); or Section 43.05 (Compelling Prostitution). SMU, SMU Dedman School of Law, John Attanasio and David C. Godbey knowingly received a benefit from participating in a venture that involves an activity described by Subdivision (3). Leslie Ware engaged in sexual conduct with Chelsea Davis when he engaged in actual, simulated or deviate sexual intercourse with her; when he touched her anus, breast, or any part of her genitals with intent to arouse or gratify the sexual desire of any person; when he masturbated on her; when he engaged in sado-masochistic abuse of Chelsea Davis; or when he engaged in lewd exhibition of his genitals or anus to Chelsea Davis or caused lewd exhibition of Chelsea Davis's genitals or anus or any portion of her breast below the top of the areola. SMU, SMU Dedman School of Law, John Attanasio and David C. Godbey knowingly received a benefit from participating in a venture that involves an activity described by Subdivision (3) or engaged in

sexual conduct with Chelsea Davis, a person trafficked in the manner described in Subdivision (3).

As a proximate result of the ventures or of the traffickings of me on or about September 2010 and December 2012, I suffered damages, and I seek actual, general, special, punitive and exemplary damages from SMU, SMU Dedman School of Law, John Attanasio and David C. Godbey, for example, based on his net worth, to punish him for his wrongful conduct.

SMU, SMU Dedman School of Law, John Attanasio and David C. Godbey may be held liable to me for sex trafficking of persons based on sexual conduct between Leslie D. Ware and the young woman, and for labor trafficking of me on or about December 2012.

### DAMAGES FOR CHELSEA DAVIS

Under Tex. Civ. Prac. & Rem. Code Sec. 98.003(a), "(a)  A claimant who prevails in a suit under this chapter shall be awarded: (1)   actual damages, including damages for mental anguish even if an injury other than mental anguish is not shown; (2)   court costs; and (3) reasonable attorney's fees." *Id.* Under Tex. Civ. Prac. & Rem. Code Sec. 98.003(b), "(b)  In addition to an award under Subsection (a), a claimant who prevails in a suit under this chapter may recover exemplary damages." *Id.*

Each of SMU, SMU Dedman School of Law, John Attanasio and David C. Godbey's actions directly and proximately caused me, Chelsea Davis, to suffer loss of past and future earnings.  I seek special damages to compensate me for a loss of future earnings in an amount of $10,000,000.  I also seek (1)  actual damages; (2)  court costs; (3)  reasonable attorney's fees and (4) exemplary damages.  For purposes of Rule 47(c-d) of the Texas Rules of Civil Procedure, I seek monetary relief up to and over $1,000,000, and I demand judgment for all the other relief to

which I deem myself entitled.

I seek punitive and exemplary damages.  Chapter 98 of the Civil Practices and Remedies Code, effective June 19, 2009, provides exemplary damages to a victim of human trafficking. *See* Tex. Civ. Prac. & Rem. Code § 98.003(b) (added by Acts 2009, 81st Leg., R.S., ch. 309); *see also* Tex. Civ. Prac. & Rem. Code § 41.008(c) (stating that limitations on exemplary damages are inapplicable to defendants committing specified felonies, including trafficking of persons under Chapter 20A of the Texas Penal Code).  This statutory basis for recovery is an additional remedy available to a victim of human trafficking and does not displace any other common law or statutory remedy.  *See* Tex. Civ. Prac. & Rem. Code § 98.004 (added by Acts 2009, 81st Leg., R.S., ch. 309).

For purposes of an award of exemplary damages based on malice, the wrongful acts of SMU, SMU Dedman School of Law, John Attanasio and David C. Godbey were done maliciously, oppressively, and with the intent to harm me.  I am therefore entitled to punitive and exemplary damages.

I demand judgment against SMU, SMU Dedman School of Law, John Attanasio and David C. Godbey for money in an amount which may be based on each of their net worths and which is sufficient to punish SMU, SMU Dedman School of Law, John Attanasio and David C. Godbey for his/its wrongful conduct up to and in excess of $1,000,000.  I move for summary judgment on liability and on damages in an amount of $100,000,000 against SMU, SMU Dedman School of Law, John Attanasio and David C. Godbey.  Under Tex. Civ. Prac. & Rem. Code Sec. 98.006, "[t]his chapter shall be liberally construed and applied to promote its underlying purpose to protect persons from human trafficking and provide adequate remedies to

victims of human trafficking." *Id.*

## **PRAYER**

I, Chelsea Davis, pray for leave to exceed page limits, file documents, extensions of time and that: SMU, SMU Dedman School of Law, John Attanasio and David C. Godbey be cited to appear in person, to give testimony and to produce documents, and to specifically answer this petition individually, judgment be entered for Chelsea Davis against SMU, SMU Dedman School of Law, John Attanasio and David C. Godbey for an award of monetary damages, actual, punitive, and exemplary damages, etc., for liability for trafficking of persons, Chelsea Davis be awarded judgment in a monetary amount of damages sufficient to punish SMU, SMU Dedman School of Law, John Attanasio and David C. Godbey for his wrongful conduct up to $1,000,000 and over $1,000,000, Chelsea Davis be awarded pre-judgment interest at the maximum rate allowable by law, Chelsea Davis be awarded a judgment for reasonable attorney fees, Chelsea Davis be awarded a judgment for all costs of court incurred by Chelsea Davis, including clerk fees and service fees, court reporter fees, and other costs permitted by law, Chelsea Davis be granted judgment for post-judgment interest until the total amount of judgment is paid, and Chelsea Davis demands judgment for all the other relief to which Chelsea Davis deems herself entitled.

I reserve my right to move for this Court to relinquish jurisdiction of the action; to consent that jurisdiction be taken by the Supreme Court of the State of Texas; and to instruct the clerk to transfer to the said Supreme Court all of the papers filed herein (except that I do not consent and object at least to conflicts of interest). The Supreme Court of Texas has already allegedly entered a fraudulent state court "Vexatious Litigant Order" even though I am not a

vexatious litigant and David C. Godbey has threatened to issue an order prohibiting me from

filing any documents in the United States District Court for the Northern District of Texas

without cause, which would constitute an abuse of power and discretion, because where there is

a right, there is a remedy, I have a right, this Court is duty-bound by the Constitution to provide

me with a remedy and a forum for justice, especially where the state courts refuse and have cut

off all ability for me to appeal or petition for anything and continue to threaten to put me in jail

again without cause and order the destruction of my evidence, which is my property. I have

pictures, emails, texts, nude photographs and recorded phone calls in support of the ventures

which engaged in the unlawful trafficking of myself, and I seek to introduce all evidence herein

for the limited purpose of proving the various ventures engaged in an act in violation of Chapter

77 of Title 18 of the United States Code.

## DEMAND FOR JURY TRIAL

Chelsea Davis demands a jury trial.

Feb. 13, 2015                                        Respectfully submitted,


                                                     /s/Chelsea L. Davis
                                                     Chelsea L. Davis, *pro-se*
                                                     TX BAR NO. 24059652
                                                     25 Highland Park Vlg., Ste. 100-830
                                                     Dallas, TX 75205
                                                     Telephone:  (469) 426-5850
                                                     Facsimile: (469) 533-0466
                                                     cdavis@chelseadavispc.com


**FEDERAL SEX TRAFFICKING COMPLAINT**                          20